FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JUL -9 PM 3: 34

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL MOMENT, # 371430 | * | |
| SID#1109451 | * | |
| Petitioner | * | |
| | * | |
| v | * | Civil Action No. JFM-15-1347 |
| | * | |
| WARDEN J. MICHAEL STOUFFER, et al. | * | |
| Respondents | * | |

## MEMORANDUM

In this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, self-represented petitioner Michael Moment is challenging his 2011 conviction in the Circuit Court for Montgomery County for intimidating or corrupting an officer of the court and threatening a state official. At direction of this court, Respondents filed a limited response addressing the issue of exhaustion of claims. Respondents seek dismissal of the petition as unexhausted. Moment has filed a reply.[1]

The case is ripe for disposition and no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Court; Local Rule 105.6; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (stating a petitioner is not entitled to a hearing under 28 U.S.C. § 2254). For reasons to follow, the court will dismiss the petition without prejudice for failure to exhaust state court remedies and deny a certificate of appealability.

## CLAIMS PRESENTED

Moment requests federal habeas relief on the following grounds: 1) the State lacked authority to prosecute him; 2) the trial court lacked jurisdiction over him; and 3) he has been denied due process of law. (ECF 1).

---

[1] Moment's claims of deliberate delay and corruption in the state courts are self-serving and wholly unsubstantiated.

## DISCUSSION

This court has on five previous occasions summarized the procedural history of Moment's state convictions at issue and explained to him the application of the exhaustion requirement under 28 U.S.C. § 2254.[2] This information need not be repeated here except as necessary to consider of the instant petition.[3]

On March 5, 2012, Moment filed a petition for post-conviction relief, claiming that: 1) the prosecution and trial judge lacked jurisdiction over his case, and 2) the prosecution tampered with evidence to obtain his conviction. *See Moment v. Joseph R. Morgan, Warden, et al.*, Civil Action No. WDQ-14-3039, ECF 1, p. 4, 6. Moment's post-conviction proceedings are presently pending in the Circuit Court for Prince George's County subsequent to their August, 2012 transfer from the Circuit Court for Montgomery County for hearing purposes. (ECF 4, Ex. 1. Docket Entries 210-220).[4] On September 10, 2014, Moment, by his counsel, requested a hearing in the case, which was scheduled for March 4, 2015. (ECF 1, Ex. 1). The hearing has since been

---

[2] This Petition represents Moment's sixth § 2254 petition attacking this judgment. His prior petitions were dismissed without prejudice for lack of exhaustion. *See Moment v. Warden*, WDQ-15-214; *Moment v. Morgan, et al.*, WDQ-14-3039; *Moment v. Morgan*, WDQ-13-3338; *Moment v. State of Maryland*, WDQ-12-3665; *Moment v. Webb*, WDQ-12-1485 (D. Md. 2012).

[3] On direct appeal to the Court of Special Appeals of Maryland, Moment raised the following questions: 1) whether the trial court erred in failing to conduct a competency exam required by statute; 2) whether the trial court committed plain error by allowing the State to repeatedly elicit and introduce prejudicial and inadmissible evidence; and 3) whether the evidence was insufficient to support his convictions.

On August 19, 2013, the judgment was affirmed. On March 27, 2014, the Court of Appeals of Maryland granted Moment's petition for certiorari, and the matter was remanded to the Court of Special Appeals for further consideration. On May 12, 2014, the Court of Special Appeals issued a second opinion affirming Moment's judgment of conviction. Moment's counsel filed a Petition for Writ of Certiorari, asking the Court of Appeals to review the intermediate court's resolution of the competency issue. The Court of Appeals denied Moments subsequent counselled and *pro se* petitions for certiorari review.

[4] Moment's provides no grounds to support his claim that the Circuit Court for Montgomery County "had no power to refer or transfer" his petition to the Circuit Court for Prince George's County or that the Circuit Court for Prince George's County lacks jurisdiction over his petition. (ECF 6, p. 8).

continued until July 16, 2015. (ECF 4, Ex. 1 No. 210-220). [5]

As the claims raised in the instant petition for federal habeas corpus relief have not been presented to all appropriate state courts, the court will dismiss the petition for lack of exhaustion. Where, as here, a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Moment does not satisfy these requirements, and a certificate of appealability will not issue. A separate order dismissing this case without prejudice and denying a certificate of appealability follows.

7/9/15
Date

J. Frederick Motz
United States District Judge

---

[5] It appears the hearing scheduled for July 16, 2015, relates to whether counsel will continue in the case. (ECF 4-1, docket entry 219).

3